UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 09-cv-00257-WYD

LAURA C. CANTY,

    Plaintiff,

v.

MICHAEL ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER**

I.     <u>INTRODUCTION</u>

THIS MATTER is before the Court on review of the Commissioner's decision that denied claimant Laura Canty's applications for disability insurance benefits. Plaintiff argues that the ALJ's decision is not supported by substantial evidence and should be reversed because (1) the ALJ failed to state the residual functional capacity ("RFC") finding on a function-by-function basis, (2) the RFC finding is not supported by any evidence in the record, and (3) the ALJ improperly rejected the opinion of Dr. Campbell, a consultative physician. Plaintiff requests an award of benefits rather than a remand.

II.     <u>FACTUAL BACKGROUND</u>

Plaintiff was born in 1950, and was 49 years old on her alleged onset of disability date, and 50 years old when her disability insured status expired. (Transcript ["Tr."] 53, 58). She was 57 years old on the date of the ALJ's decision. Plaintiff has a high school

education (*id.* at 87), and has worked as a warehouse associate requiring medium exertion. (*Id.* 83, 14, Finding 6.)

In April 2007 Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act (the Act), 42 U.S.C. §§ 401-33. (Transcript ["Tr."] 53-55). Plaintiff alleged that she became disabled on February 1, 2000, due to back, left, eye, bladder and nerve problems, high cholesterol, and depression. (*Id.* 82.) The Colorado Disability Determination Services ("DDS") denied Plaintiff's claim at the initial determination stage. (*Id.* 28-31.) An administrative law judge ("ALJ") held a hearing on June 2, 2008. (*Id.* 16-26.) In a decision dated June 4, 2008, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (*Id.* 7-15.)

More specifically, the ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2000, and that Plaintiff had not engaged in substantial gainful activity since February 1, 2000, the alleged onset date. (Tr. 12, Findings 1 and 2.) At step two the ALJ found that Plaintiff had a "severe" impairment of "disorder of the cervical spine." (*Id.*, Finding 3). At step three he found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the criteria one of the listed impairments. (*Id.*, Finding 4).

The ALJ then found that Plaintiff had the RFC "to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b)." (Tr. 12, Finding. 5) In making this finding, the ALJ accorded "significant weight to the clinical findings and statements of the claimant's treating physician", Dr. Ashakiran Sunku. (*Id.* 13.) He found that the remainder of the evidence, including the consultative examination of Dr. Campbell, "is

well after the last insured date of the claimant and is not accorded any weight for the period in question." (*Id.*)

At step four the ALJ found that Plaintiff was unable to perform any past relevant work. (Tr. 14, Finding 6). The ALJ concluded at step five that based on an exertional capacity for light work, Medical-Vocational Rule 202.20 directed a conclusion of not disabled. (*Id.* 15, Finding 10). Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Act from February 1, 2000, through the date of the decision. (*Id.* 22, Finding 11.)

The Appeals Council declined review of the ALJ's decision. (Tr. 1-4). Plaintiff then requested judicial review. The ALJ's decision became the final administrative decision, and this case is ripe for judicial review pursuant to 42 U.S.C. § 405(g).

III. ANALYSIS

A. Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "It requires more than a scintilla of evidence but less than a preponderance of the evidence." *Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988).

"Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). I find for the reasons discussed below that this case must be reversed and remanded for an immediate award of benefits.

      B.      <u>Whether the ALJ's Decision is Supported by Substantial Evidence</u>

I first address Plaintiff's argument that the ALJ's RFC assessment is not supported by any evidence. Plaintiff argues in that regard that the ALJ improperly rejected Plaintiff's testimony and the opinion of Dr. Campbell concerning Plaintiff's restrictions and then assessed an RFC which is not supported by any obvious evidence in the record.

Turning to my analysis, it is axiomatic that all of the ALJ's required findings, including the RFC, must be supported by substantial evidence." *Haddock v. Apfel*, 196 F.3d 1084, 1088-1089 (10th Cir. 1999). As to the RFC, SSR 96-8P directs that the RFC "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations") ... the ALJ must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." The Tenth Circuit has found that a remand to the Commissioner was appropriate where "the ALJ never specified what he believed the credible medical evidence to be, either for the purpose of rejecting the doctors' RFC

assessments or for the purpose of supporting his own finding" and where the court was thus unable to determine what evidence the ALJ relied on in connection with the RFC. *Moon v. Barnhart*, No. 04-7130, 2005 WL 3446576, at *2-3 (10th Cir. Dec. 16, 2005).

In this case the ALJ cited to medical records indicating that Plaintiff's pain was better and/or that she no longer had any pain, that she was sleeping well and not having any medication side effects, that she that she could take care of her house and that she could walk three blocks. (Tr. 13). These records, however, do not provide a basis to assess Plaintiff's RFC on any basis other than pain.[1] As Plaintiff notes, Social Security Ruling 96-8p requires the ALJ to specify the basic components of the RFC finding on a function-by-function basis, before deciding what exertional category (sedentary, light, medium, etc.) is indicated by those restrictions. In other words, he must cite specific evidence that supports his functional assessments such as lifting and standing and his ultimate conclusion that the claimant can perform the full range of light work. The ALJ did not do that in this case.

Accordingly, I agree with Plaintiff that the ALJ erred in that the RFC was not linked to specific evidence in the record. *See Southard v. Barnhart*, 72 Fed. Appx. 781, 784-785 (10th Cir. 2003) ("finding error where the ALJ did not show how the evidence supported each finding in the RFC and the ALJ failed to cite "*specific* medical facts . . . and nonmedical evidence" which supported the RFC) (emphasis in original); *see also*

---

[1] Indeed, even the issue of pain may not have been properly considered, as the ALJ's pain analysis was rather minimal. In *Carpenter v. Chater*, 537 F.3d 1264, 1268 (10th Cir. 2008), the Tenth Circuit found that an ALJ's purported pain analysis was " improper boilerplate" where he merely recited the factors he was supposed to address and did not link his conclusions to the evidence. Here, the ALJ did not even discuss many of the relevant factors.

*Brant v. Barnhart*, 506 F. Supp. 2d 476, 486 (D. Kan. 2007); *Moon*, 2005 WL 3446576, at *2-3. "[B]are conclusions are beyond meaningful judicial review." *Brant*, 506 F. Supp. 2d at 486.

The Commissioner argues in response, however, that the ALJ is allowed to determine the RFC from an assessment of all the evidence in the record. While that is true, I agree with Plaintiff that an ALJ cannot determine from a claimant's diagnosis, symptoms and/or objective medical findings from tests such as an MRI how much she can lift, how long she can stand, or her ability to perform any of the other functions in a work setting. The ALJ is not capable of determining such functional capacities from his own review of the medical data because this requires a professional medical judgment. See *Winfrey v. Chater*, 92 F.3d 1017, 1022 (10th Cir. 1996) (an ALJ is not entitled to reject a treating doctor's opinions without adequate justification or to substitute his own medical judgment for that of medical professionals). As the Eighth Circuit has stated, "[a]n ALJ's determination of a claimant's RFC 'must be supported by some medical evidence of the claimant's ability to function in the workplace.'" *Flynn v. Astrue,* 513 F.3d 788, 792 (8th Cir. 2008) (quotation omitted).

The only medical evidence that assessed Plaintiff's ability to perform work functions is the consultative opinion of Dr. Campbell. I agree with Plaintiff that the ALJ improperly rejected Dr. Campbell's opinions. The restrictions she imposed place Plaintiff in the sedentary job category, not the light category, because lifting is limited to ten pounds occasionally and less than ten pounds frequently, and standing is limited to four hours per day (Tr. 142). *See* 20 C.F.R. § 404.1567(g) (light work involves lifting no

more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds and also requires a good deal of walking or standing).[2]  Dr. Campbell stated that her restrictions have applied since prior to the year 2000 when insured status expired.  (*Id.* 201.)  There is no evidence to the contrary.  Indeed, this is noted in a form prepared by the Social Security Administration.  *(Id.* 28) ("The medical evidence does not contain enough evidence prior to DLI to determine the claimant's ability to work".)  Accordingly, Medical-Vocational Rule 201.12 directs a finding of disability based on Dr. Campbell's restrictions, unless the claimant has transferable skills.  20 C.F.R. Part 404, Subpart P, App. 2, Rule 201.12.  Plaintiff's past work was unskilled (*Id.* 15, Finding 9), which by definition created no skills, transferable or otherwise.

The ALJ found that Dr. Campbell's opinion is consistent with the records.  (Tr. 14, 209, 216.)[3]  However, he rejected Dr. Campbell's opinion for the sole reason that it was performed seven years after Plaintiff's date last insured.  I agree with Plaintiff that this is not a proper reason for rejecting a physician's uncontroverted opinion.  Social Security Ruling 83-20 clearly contemplates that a physician is allowed to state an opinion as to the claimant's condition prior to the date of the exam.  Further, the Tenth Circuit has indicated that a physician can provide a retrospective opinion so long as it is based on evidence that supports a finding of disability dated before the claimant's date last

---

[2]  The ALJ improperly stated that Dr. Campbell found that Plaintiff could lift ten pounds *frequently* and 20 pounds occasionally.

[3]  While the Commissioner argues that Dr. Campbell's findings were inconsistent with the medical records prior to Plaintiff's date last insured, this is not what the ALJ found.  The Commissioner's post-hoc arguments for affirming an ALJ's decision cannot be considered by the Court.  *Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Cir. 2005).  The decision must be based on the reasons given by the ALJ, and must stand or fall on this basis.  *See Knipe v. Heckler*, 755 F.2d 141, 149 n. 16 (10th Cir. 1985).

insured.  *See Anderson v. Astrue*, 319 Fed. Appx. 712, 725 (10th Cir. 2009); *Flaherty v. Astrue*, 515 F.3d 1067, 1072 (10th Cir. 2007).

Dr. Campbell's opinion was well reasoned and based upon objective test results which were dated prior to the date last insured ("the abnormalities of the lumbar MRI found in 2000, associated with complaints dating to pre-2000) which support her finding of disability.  Further, she found upon physical examination of the legs "bowing of the tibias and patellofemoral dysfunction with abnormal gain" which "have persisted to the present time. . . ."  (Tr. 142, 201).  Her assessment was also supported by Plaintiff's testimony at the hearing that she cannot stoop, squat, bend at the waist, be on her feet too long because of cramping that occurs in her legs, and that she has trouble lifting and carrying and can only lift 10 pounds.  (Tr. 21-22.)  She testified that she had these restrictions in 2000, and her written functional assessment supports this testimony.  (*Id.* 93-106).  Dr. Campbell's assessment was also supported by a vocational evaluation performed in 2007 which stated that the work assessment preceded the year 2000. (Tr. 71-72.)  Accordingly, the ALJ had no basis to reject Dr. Campbell's finding that Plaintiff's condition was the same prior to the year 2000.

The ALJ noted normal Doppler studies from 2000 and 2003.  (Tr. 14.)  It is unclear why he referenced these, particularly since he found that Dr. Campbell's opinions were supported by the records.  To the extent he cited these studies in an attempt to substantiate his rejection of Dr. Campbell's opinions, this was not proper.  Dr. Campbell relied on other evidence to support her opinion that the physical restrictions she found in 2007 have applied since the year 2007, including the MRI in

2000. The fact that Doppler studies may have been normal does not address this other evidence which provided the basis of her decision.

I also note that the ALJ's finding that Plaintiff could perform light work did not assess Plaintiff's ability to perform work on a regular and continuing basis and to hold a job. An RFC is "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." Soc. Sec R. 96-8p(1), 1996 WL 374184, at *1; *see also Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (citing 20 C.F.R. § 416.945(c)). A "regular and continuing basis" means "'8 hours a day, for 5 days a week, or an equivalent work schedule,' S.S.R. 96-8p, 1996 WL 374184, at *2, and to 'respond appropriately to supervision, coworkers, and customary work pressures in a routine work setting,' S.S.R. 86-8, 1996 WL 68636, at *5." *Haga*, 482 F.3d at 1208. Thus, "'[a] finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can *hold* whatever job he finds for a significant period of time.'" *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994) (emphasis in original) (quoting *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986)).

In this case, in addition to the diagnostic findings regarding Plaintiff's back impairment, the record indicates that Plaintiff suffered significant fatigue, occasionally suffered weakness in the lower extremities, had charlie horses in the lower extremities which caused cramping, and used a cane to get around which were not considered by the ALJ. (Tr. 94-95, 99, 101-02, 207-08.) Further, the ALJ did not explain how

-9-

Plaintiff's ability to perform household chores or to walk three blocks as found by Dr. Sunku (Tr. 13) and noted by the ALJ translates into a finding that she can perform full time work at a light capacity. Finally, the fact that Plaintiff's pain may have been helped with pain medication does not mean that she was able to work full-time and hold this job for an extended period.

Based on the above errors, I must address whether the case should be requests for further factfinding or reversed outright with an award of benefits. The Tenth Circuit has indicated that "outright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose.'" *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) (quoting *Williams v. Bowen*, 844 F.2d 748, 760 (10th Cir. 1988) (further quotations omitted). Reversal and remand for immediate award of benefits is appropriate when "the record fully supports a determination that Plaintiff is disabled as a matter of law and is entitled to the benefits for which he applied." *Sorenson*, 888 F.2d at 713.

In this case, the denial of benefits was made at step five of the sequential evaluation process, at which step the burden had shifted to the Commissioner to prove that Plaintiff is capable of performing other work which exists in the economy. Further, as discussed above, there is no evidence in the record from which the Commissioner can establish an RFC higher than the sedentary level. I find that the uncontroverted evidence of sedentary restrictions, enhanced by the ALJ's finding that Dr. Campbell's opinion is consistent with the medical records, directs a conclusion of disability under

Medical-Vocational Rule 201.12. Accordingly, I find that no further fact finding is required and that Plaintiff should be awarded benefits.

Based on the foregoing, it is

ORDERED that this case is **REVERSED** and **REMANDED** to the Commissioner for an immediate award of benefits to Plaintiff.

Dated: March 31, 2010

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge